IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Western, | ) | C/A No.: 4:13-3533-JFA-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| South Carolina Department of Corrections; Kirkland Correctional Institution Medical Department; and Evans Correctional Institution Medical Department, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Robert Western, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 claiming that he suffered cruel and unusual punishment in violation of the Eighth Amendment while he was incarcerated at the Evans and Kirkland Correctional Institutions. The plaintiff alleges that he broke his foot on April 7, 2008 and that the defendants failed to properly treat his injury. He seeks monetary damages.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the complaint is time-barred and should be

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

summarily dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation which was docketed on January 22, 2014. The plaintiff filed timely objections and the court has conducted a *de novo* review of the objections.

The Magistrate Judge opines that the statute of limitations period applicable to this § 1983 action is three years under South Carolina law. The actions upon which plaintiff complains took place in April 2007. Accordingly, the statute of limitations period would have expired in April 2010. The Magistrate Judge also considered whether the plaintiff's claims were subject to any tolling provisions under § 1983. The plaintiff's final determination of his prison grievance on the matter was September 17, 2008. However, he did not file this case until December 20, 2013—more than five years after the statute of limitations began to run.

In his objections to the Report, the plaintiff states that he filed his initial complaint in state court on July 1, 2009 and that on or about July 15, 2009, the defendant's attorney requested an order of protection from the court. Plaintiff states that it was not until October 23, 2013 that anything further was done on his state court case (2008-CP-40-4733). He contends that a continuance was granted which stayed the statute of limitations. Apparently, plaintiff filed a voluntary dismissal without prejudice of the state court action and then initiated this action in federal courts.

It is not likely that all of these developments were known to the Magistrate Judge at the time the Report and Recommendation was issued. For this reason, the court respectfully declines to adopt the Report and returns this matter to the Magistrate Judge for consideration of whether the statute of limitations has run in light of the state court developments revealed by the plaintiff's objections to the Report and Recommendation.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

May 8, 2014
Columbia, South Carolina