IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Western, | C/A No.: 4:13-3533-BHH-TER |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| South Carolina Department of Corrections; Kirkland Correctional Institution Medical Department; and Evans Correctional Institution Medical Department, | |
| Defendants. | |

This case comes before the Court for further consideration of whether the statute of limitations bars this action in light of the state court developments revealed by the plaintiff's objections to the undersigned's initial Report and Recommendation filed January 22, 2014.

## BACKGROUND

The *pro se* plaintiff, Robert Western, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 claiming that he suffered cruel and unusual punishment in violation of the Eighth Amendment while he was incarcerated at the Evans and Kirkland Correctional Institutions. The plaintiff alleges that he broke his foot on April 7, 2008 and that the defendants failed to properly treat his injury. He seeks monetary damages.

The undersigned initially prepared a Report and Recommendation which suggested that the complaint in this action is time-barred and should be summarily dismissed. On February 5, 2014, the plaintiff filed timely objections to the Report, which the District Court considered, and in light of information provided by plaintiff, returned this matter to the undersigned for further consideration.

1

The Court previously concluded that the statute of limitations period applicable to a § 1983 action is three years under South Carolina law. The actions of which Plaintiff complains took place in April 2007. Accordingly, the statute of limitations period would have expired in April 2010. The Court also considered whether any tolling provisions under § 1983 were applicable. As the plaintiff indicated that he received the final determination of his grievance on this matter on September 17, 2008, the statute of limitations began to run at the latest from this date. However, plaintiff did not file this case until December 20, 2013—more than five years after the statute of limitations began to run.

In his objections to the Report, the plaintiff states that he filed an initial complaint in state court on July 1, 2008 and that on or about July 15, 2009, the defendant's attorney requested an order of protection from the court. Plaintiff states that it was not until October 23, 2013 that anything further was done on his state court case (2008-CP-40-4733). He contends that a continuance was granted which stayed the statute of limitations. Apparently, plaintiff filed a voluntary dismissal without prejudice of the state court action and then initiated this action in federal court.

## **DISCUSSION**

The issue before the Court is whether the state action, with its subsequent voluntary dismissal tolled the statute of limitations. The Court concludes that it does not. As previously noted, plaintiff filed this action in December of 2013, more that 5 years after he received the final determination of his grievance on this matter on September 17, 2008. Plaintiff argues that his state court complaint filed in July of 2008, in which an Order of Protection was entered in July of 2009, tolled the statute of limitations. However, plaintiff indicates that he voluntarily dismissed his Complaint in state court, before filing his action in this court. As such, absent an applicable savings clause in the statute,

case law suggests plaintiff's statute of limitations period is not tolled during the pendency of a suit in state court that he later voluntarily dismissed without prejudice. See generally, Miy'at Kali El-Bey v. Clover Police Dept., 2014 WL 66845, 4 (D.S.C. 2014); (citing Dove v. CODESCO, 569 F.2d 807, 809 n. 3 (4th Cir.1978) ("The general rule is that a dismissal without prejudice operates to leave the parties as if no action had been brought at all. A corollary to that rule is that, absent a savings clause in the statute, the applicable limitations period is not tolled during the pendency of a suit later dismissed without prejudice.")); see also 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2367 (3d ed. 2008) ("[I]t seems well settled in the case law that the statute of limitations is not tolled by bringing an action that later is dismissed voluntarily under Rule 41(a)."); Dean v. Pilgrim's Pride Co., 395 F.3d 471 (4th Cir.2005) (holding that the statute of limitations period was not tolled by bringing an action that was later dismissed voluntarily under Federal Rule of Civil Procedure 41(a) and that the limitations period was not extended by West Virginia's savings statute). Accordingly, the Court cannot conclude that plaintiff presents any circumstances to warrant tolling.

However, even assuming arguendo that plaintiff's action is timely, it is still subject to summary dismissal, on alternative grounds. Plaintiff names as defendants in this action the South Carolina Department of Corrections, the Kirkland Correctional Institution Medical Department, and the Evans Correctional Institution Medical Department. Defendant South Carolina Department of Corrections is immune from suit under the Eleventh Amendment, which divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. See, e.g., Cobb v. South Carolina, 2014 WL 4220423, 5 (D.S.C. 2014); Federal Maritime Commission v. South Carolina State Ports Authority, 535 U.S. 743, 122

S.Ct. 1864, 152 L.Ed.2d 962 (2002); Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001); Kimel v. Florida Board of Regents, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000); Alden v. Maine, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); Belcher v. South Carolina Board of Corrections, 460 F.Supp. 805, 808–809 (D.S.C.1978); and Simmons v. South Carolina State Highway Dept., 195 F.Supp. 516, 517 (E.D.S.C.1961).

As to Defendants Kirkland Correctional Institution Medical Department and the Evans Correctional Institution Medical Department, they are likewise subject to summary dismissal. A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). However, it is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." Use of the term "staff" or "medical agency" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. See Lamb v. Kirkland Correctional Institution Medical Staff, 2009 WL 2513506, 2-3 (D.S.C. 2009); See Dudley v. Food Service–Just Care, 519 F.Supp.2d 602, 604 (D.S.C.2007) ("[P]laintiffs in § 1983 actions may not be subject to

4

suit collective characterizations such as management or staff") (internal quotations omitted) (citing Sims v. Med. Staff of Cook County D.O.D., No. 24 C 1971, 1994 WL 687496, at *1 (N.D.Ill. Dec.8, 1994)); Martin v. UConn Health Care, No. 3:99CV2158 (DJS), 2000 WL 303262, at *1 (D.Conn., Feb.9, 2000); Ferguson v. Morgan, No. 90 Civ. 6318(JSM), 1991 WL 115759 (S.D.N.Y. Jun.20, 1991). Because Defendants Kirkland Correctional Institution Medical Department and Evans Correctional Institution Medical Department are not persons amenable to suit under § 1983, this complaint is subject to summary dismissal.

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the complaint in the above-captioned case without prejudice and without issuance and service of process. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966). See also Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

October 31, 2014  
Florence, South Carolina

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).